**SIGNED THIS: February 13, 2009**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| VINCENT O. WEIMANN and ) | |
| BRENDA K. WEIMANN, ) | Case No. 08-73093 |
| ) | |
| Debtors. ) | |

## O P I N I O N

Before the Court is the Objection of Chapter 7 Trustee, Mariann Pogge ("Trustee") to the Claims of Exemption asserted by Debtors, Vincent O. Weimann and Brenda K. Weimann (jointly "Debtors"). The Trustee objects to the Debtors' claims of exemption in a trailer, boats, life jackets, and oars as "tools of the trade." *See* 735 ILCS §5/12-1001(d). The Trustee asserts that these items are capital assets rather than tools of the trade, that the Debtors are not currently using the items in a trade or

business, and that the claimed exemptions exceed the amounts allowed by law. For the reasons stated below, a tools of the trade exemption in the specified items will be allowed as to Mr. Wiemann in the amount of $1,500. Mrs. Weimann's claim of exemption in the items will be disallowed.

Mr. Weimann operates a sole proprietorship, Pirates Cove Boat Rentals, which provides rental boats for use on Lake Taylorville under a contract with the City of Taylorville, Illinois. Mr. Weimann operated the business in 2006 and 2007, but lost money each year. He did not operate the business in 2008 due to his financial difficulties and certain health issues. However, he plans to operate the business in 2009, and has taken steps to renew his contract with the City of Taylorville.

Debtors filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on December 12, 2008. On Schedule C - Property Claimed as Exempt, the Debtors claimed a $500 tools of the trade exemption in a 1997 homemade trailer valued at $500. They also claimed a $900 tools of the trade exemption in a 2004 Haulmark trailer valued at $1,800. The Debtors also claimed a $900 wildcard exemption in the Haulmark trailer. Finally, the Debtors claimed a $1,600 tools of the trade exemption in five fiberglass canoes, six paddle boats, six dinghy boats, one John (sic) boat with a trolling motor, life jackets, and oars which they value at $1,600. Thus, the Debtors are asserting a total of $3,000 in tools of the trade

exemption claims.  The Trustee does not object to the tools of the trade exemption in the homemade trailer or to the wildcard exemption in the Haulmark trailer.  The Trustee objects to the balance of the items being claimed as exempt as tools of the trade.

Illinois has opted out of the federal exemption scheme and requires debtors in bankruptcy to claim only those exemptions available under Illinois law.  *See* 735 ILCS §5/12-1201.  The Illinois personal property exemption statute provides that a "debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade" is exempt from judgment, attachment, or distress for rent.  735 ILCS §5/12-1001(d).  The Seventh Circuit Court of Appeals has observed that "[t]he purpose of the tools of the trade exemption is to enable an artisan to retain tools of modest value so that he is not forced out of his trade" and a narrow interpretation of the exemption is appropriate.  Matter of Patterson, 825 F.2d 1140, 1146 (7th Cir. 1987).  *See also* In re Hively, 358 B.R. 752, 753 (Bankr. C.D. Ill. 2007).

In determining whether an item is a tool of the trade, "[t]he questions are whether the item is actually used by the debtor in its trade, business or profession on a regular basis, and whether it is reasonably necessary to that trade, business, or profession." In re Zais, 202 B.R. 263, 265 (Bankr. N.D. Ill. 1996).  In this case, both questions are answered in the affirmative.  The Haulmark

trailer, canoes, boats, life jackets, and oars are actually used by Mr. Weimann in his boat rental business, and they are reasonably necessary to this business.  It is clear that a boat rental business needs boats, life jackets, and oars.

The Trustee argues that the items at issue in this proceeding are not of modest value as required by Patterson, but are more in the nature of capital assets.  The parties stipulated that the items have been appraised as having a total value of $2,413.  The Court agrees with the Trustee that tools of the trade must generally be of modest value, but disagrees with the Trustee on the definition of "modest".  The items could not be sold for a sufficient amount to pay allowable exemptions and costs of sale and still produce any meaningful distribution to unsecured creditors. Thus, "modest" is a proper characterization of the value of the items at issue here.

The Trustee further argues that the Debtors were not engaged in the boat rental business when they filed their petition, so they should not be allowed a tools of the trade exemption for items related to that business.  There is conflicting evidence regarding whether Mrs. Weimann was ever involved in the boat rental business. Schedule B shows the items in question are jointly owned and Schedule I contains a notation that "debtors plan on reopening a business where they rent out boats at Taylorville Lake in the Spring."  The documents attached to the Debtors' Response to the

Trustee's Objection, however, include a copy of the contract with the City of Taylorville.  That contract is in Mr. Weimann's name alone and shows him as the sole owner of the business.  Most importantly, at the hearing on the Trustee's Objection, Debtors' attorney conceded that Mrs. Weimann was not involved in the business.  Based principally on that admission, the Court finds that Mrs. Weimann is not entitled to a tools of the trade exemption in the items in question and will sustain the Trustee's Objection to Mrs. Weimann's claim of exemption.

Mr. Weimann did not operate the boat rental business in 2008 and, accordingly, was not operating the business when he filed this case.  However, temporary abatement of work in a trade is not necessarily fatal to a claimed exemption for tools of the trade. In re Tracy, 2008 WL 5225840 *at* \*1 (Bankr. D. Neb. Dec. 12, 2008)(construing the Nebraska tools of the trade exemption).  Mr. Weimann was actively engaged in the boat rental business in 2006 and 2007.  He suspended the business in 2008 due to his financial difficulties and for health reasons.  He intends to continue the boat rental business, and has reasonable prospects for returning to the business in 2009.  Under these circumstances, Mr Weimann is entitled to claim an exemption in the boating items as tools of the trade in an amount of $1,500.  *See* In re Adams, 2003 WL 924724 *at* \*2 (Bankr. C.D. Ill. Feb. 27, 2003)(reasonable prospects for returning to work justify allowance tools of the trade exemption);

Patterson, 825 F.2d *at* 1144 (a serious or substantial intention of returning to farming is sufficient to preserve federal tools of the trade exemption in farm tools).

For the foregoing reasons, the Trustee's Objection to Mrs. Weimann's tools of the trade exemption in the specific items described in the Objection will be sustained and the exemption will be disallowed.  The Trustee's Objection to Mr. Weimann's tools of the trade exemption will be denied and Mr. Weimann's claim of exemption in the specified items will be allowed in the amount of $1,500.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###